UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYLENA HEADE, MARCELLA JENNINGS,
EMISHA BAUSLEY, and SHANEKA KING,                    Case No. 14-12541

       Plaintiffs,                               Honorable John Corbett O'Meara

v.

LEWIS MANOR HOMES, LTD; REGINA'S
HOME, INC; and ELLEN LEWIS,

       Defendants.
_____/

**OPINION AND ORDER DENYING
DEFENDANTS' FEBRUARY 22, 2016 MOTION FOR SUMMARY JUDGMENT**

     This matter came before the court on Defendants' February 22, 2016 motion for summary

judgment. Plaintiffs filed a response March 14, 2016; and Defendants filed a reply brief March 25,

2016. Oral argument was heard May 12, 2016.

**BACKGROUND FACTS**

     Plaintiffs are four direct care workers formerly employed by two group homes, defendants

Lewis Manor and Regina's Home. Defendant Ellen Lewis is the sole owner of both entities. Kim

Gardner, although not named as a defendant, is employed by the defendants and was Plaintiffs'

direct supervisor.

     Plaintiff Emisha Bausley was employed from November 27, 2012, to February 15, 2015;

plaintiff Wylena Heade from October 20, 2009, to September 16, 2014; plaintiff Marcella Jennings

from January 24, 2005, to June 29, 2014; and plaintiff Shaneka King from September 6, 2013, to

June 4, 2014. Bausley and Jennings voluntarily resigned their employment. King was terminated

for failing to report to work, and Heade was terminated after she was arrested and spent a week in jail.

Plaintiffs were typically scheduled to work 24-hour shifts, commencing at 9:00 a.m. and ending at 9:00 a.m. the following day. Each shift also had a sleep time component from approximately 9:00-10:00 p.m. until 6:00-7:00 a.m. the next day. The sleep time portion of the shift was subject to a sleep time agreement set forth in Paragraph 6 of the Addendum to the Personnel Policies and Procedures Manual that was signed by each of the plaintiffs.

> 6. Employee agrees to hour sleep time deduction of up to eight (8) hours in each 24 hour period. Employee agrees that the sleeping facilities are adequate. If the sleeping period is interrupted by a call to duty, the interruption will be counted as hours worked. If you do not get at least five (5) hours sleep during scheduled sleep period, the entire period will be counted as working time. Employee agrees to notify the Employer of any sleep time interruptions in writing with explanation within twenty four hours (24). If Employee has not notified Employer of any sleep time interruptions by the same pay period, Employee agrees that no sleep time interruptions have occurred.

Defs' Ex. 7. All of the plaintiffs concede that they signed the sleep time policy at or before the time of their hiring. However, Plaintiffs allege that they rarely were able to get more than five hours' sleep in a 24-hour shift and were not paid for the interruptions. Plaintiffs allege violations of the sleep time provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

## LAW AND ANALYSIS

Pursuant to 29 C.F.R. § 785.22,

> (a) *General*. Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no express or implied

2

agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.

(b) *Interruptions of sleep.* If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes, the Divisions have adopted the rule that if an employee cannot get at least 5 hours' sleep during the scheduled period, the entire time is working time.

The United States Court of Appeals for the Sixth Circuit has held that the factors for evaluating whether a sleep time agreement exists under § 785.22 are as follows: 1) the existence of an agreement; 2) whether adequate sleeping facilities were provided; and 3) whether the employee could usually enjoy an uninterrupted night's sleep. H.W. Arians v. Olin Mathieson Chem. Corp., 382 F.2d 192, 197 (6th Cir. 1967).

In this case an agreement existed. Not only did it exist, but also the agreement was in writing and signed by the employees when they were hired. As to the second factor, the employees "agree[d] that the sleeping facilities [were] are adequate" at the time of their hiring–before they used those rooms. Plaintiffs now allege that they often did not use the separate, staff sleeping facilities and chose instead to sleep on couches to be closer to the "consumers" who were housed there.

The parties dispute whether the employees could usually enjoy an uninterrupted night's sleep. Plaintiffs have testified that they could not. However, the written agreement between the parties provided the procedure for Plaintiffs to notify Defendants when they did not get an uninterrupted night's sleep. Defendants have provided evidence that when employees documented such circumstances, they were paid for hours that otherwise would have been excluded. For example, of the six times plaintiff Heade noted on her time sheets that she had "no sleep," she was paid. Similarly, plaintiff Jennings was paid for both nights that she reported "no sleep" on her time sheets.

3

Plaintiffs, though, point out that Defendants failed to provide them with forms to fill out and failed to provide space on their time sheets to indicate these instances.

A week after this court heard oral argument on Defendants' motion, the Sixth Circuit issued an opinion in <u>Craig v. Bridges Bros. Trucking, L.L.C.</u>, No. 15-3396, 2016 WL 2909686 (6th Cir. May 19, 2016). In a suit brought under the FLSA, plaintiff Craig sought compensation for unpaid overtime work. The appellate court addressed the question of how an employer might acquire at least constructive knowledge of its employee's overtime hours and whether such knowledge was attributable to the employer. The employee argued that the district court had erred in granting summary judgment to the employer because it "essentially held that Craig, by miscalculating her overtime rate, waived her right to ever be paid for her hours." <u>Id</u>. at *6 (citing Appellant br. at 15). "The district court held 'that Plaintiff failed to follow the reasonable time reporting procedures established by Bridges Bros. and that she therefore thwarted its ability to comply with the FLSA.'" <u>Id</u>. The appellate court found that

> affirming the district court's decision would allow an employee to voluntarily opt out of her rights under the FLSA. But the Supreme Court has already closed that door and 'frequently emphasized the nonwaivable nature of an individual employee's right . . . to overtime pay under the Act.' <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 740 (1981). 'FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.' <u>Id</u>.

<u>Id</u>. at *7. In this case Defendants make an argument similar to the one rejected in <u>Craig</u>, asserting that by Plaintiffs' failure to follow the procedure the parties had agreed upon--that the employees would notify the employer within 24 hours when they had not gotten an uninterrupted night's sleep--Plaintiffs waived their right to sleep time pay.

4

In <u>Craig</u>, the appellate court also found that the district court had erred by finding that the employer did not know or have reason to know that the employee worked overtime hours.  <u>Id</u>.  In this case it is clear that there were many times Defendants knew or had reason to know the Plaintiffs' sleep was interrupted, as in some instances law enforcement was called to the home, customers were taken to the hospital during the night, and Defendants themselves conducted nighttime fire and tornado drills.  Therefore, genuine issues of material fact exist regarding whether Plaintiffs could usually enjoy an uninterrupted night's sleep and whether Defendants had at least constructive knowledge of Plaintiffs' sleep being interrupted.

### ORDER

It is hereby **ORDERED** that Defendants' February 22, 2016 motion for summary judgment is **DENIED**.


s/John Corbett O'Meara
United States District Judge

Date:  June 7, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 7, 2016, using the ECF system.


s/William Barkholz
Case Manager

5